cv5-103.dd.lachance 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00103-CV







James G. LaChance, Individually and dba The Jim LaChance Co.,


LaChance Builders, Inc., and The Persimmon Hollow Company of Texas, Appellants



v.



Joseph A. Falcone and Virginia F. Falcone, Individually and as Next Friend of


Michael Falcone and Christin Charles Falcone; Gwendolyn J. Falcone; Greg A. Falcone;


Jeffrey Talmadge; and Peter M. Kreisner, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 425,767, HONORABLE PETER M. LOWRY, JUDGE PRESIDING







PER CURIAM


 James LaChance, individually and dba The Jim LaChance Co., LaChance Builders,
Inc., and The Persimmon Hollow Company of Texas appeal the take-nothing summary judgment
favoring Peter M. Kreisner. (1) They contend that the court erred by granting the summary
judgment against their claim that Kreisner committed legal malpractice. They contend that the
court instead should have dismissed the claim as premature. We will affirm the judgment of the
trial court.

BACKGROUND


 The Falcones sued LaChance for mishandling their trust property as trustee and
their investment capital. The Falcones created three trusts having a combined value of $100,000
in October and November 1979. Joe and Virginia Falcone later contributed $100,000 to create
a partnership with LaChance. They alleged that LaChance capitalized Persimmon Hollow using,
contrary to agreement, only funds from the Falcones and their trusts. Persimmon Hollow then
entered into an agreement with LaChance Builders, which LaChance owned, to develop a
condominium project. After the project was completed and sold, the Falcones' trusts and
investment were completely depleted. The Falcones charged that condominium sales hurt them
but benefitted LaChance's companies. They sought rescission of the condominium agreement and
damages for breach of contract, breach of fiduciary duty, statutory fraud, common-law fraud, and
deceptive trade practices. They claimed that LaChance breached his fiduciary duty to the trusts
through concealment, deceit, and self-dealing.

 LaChance filed two third-party claims against attorneys Kreisner and Jeffrey
Talmadge. Kreisner drafted the Falcone trusts and the agreement between Persimmon Hollow and
LaChance Builders. LaChance contended that Kreisner committed malpractice by failing to advise
him that statutes prohibited LaChance as trustee from benefitting from trust funds he administered;
LaChance alleged that Kreisner's omission led to the Falcones' suit against him. LaChance
lodged the same complaints against Talmadge, his attorney at the inception of this suit. LaChance
also sued Talmadge for failing to advise him of the possible malpractice claim against Kreisner. 


 The attorneys moved for summary judgment. Kreisner contended that he had not
breached any duty in drafting the trusts or in advising LaChance regarding self-dealing statutes. 
Talmadge agreed and contended that Talmadge thus was not negligent and had not breached any
duty to LaChance by not advising him to sue Kreisner. Talmadge also contended that any failure
on his part caused no harm since the statute of limitations for suits against Kreisner had not run
yet. Kreisner contended in his motion that the two-year statute of limitations on the claims against
him had run, but the final judgment states that he abandoned that contention during the summary
judgment hearing.

 The trial court granted both attorneys' motions for summary judgment. Kreisner's
abandonment of the limitations ground shows that the court granted him summary judgment on
the merits.

 After a bench trial, the court rendered judgment for the Falcone trust beneficiaries. 
In its findings of fact and conclusions of law, the court found LaChance negligent in the manner
in which he invested the $200,000. The court concluded that LaChance thereby breached his
fiduciary duty to the beneficiaries. The court, however, concluded that Joe and Virginia Falcone
could not recover because they knew how LaChance was investing their money and because
LaChance breached no duty to them. The court made no finding or conclusion that LaChance
illegally engaged in self-dealing.



ANALYSIS AND CONCLUSION


 The appellants raise a point of error with two general thrusts. They contended that,
because the law and the trust documents prohibit self-dealing, the court should have denied
Kreisner's motion for summary judgment on their complaint against him. They contend that the
court instead should have dismissed their complaint against Kreisner as premature based on the
court's finding (while granting Talmadge's motion for summary judgment) that the statute of
limitations for their claims against Kreisner had not run. We disagree.

 The absence of a finding or conclusion that LaChance was liable for damages to
the Falcones for self-dealing shows that the court did not err reversibly by granting Kreisner's
motion for summary judgment. We can reverse only if the error complained of amounted to such
a denial of rights that the court rendered an improper judgment in the case. Tex. R. App. P.
81(b)(1). The trial court's resolution of the case as a whole relieves us of the need to explore
whether the summary judgment was erroneous. The Falcones alleged that LaChance breached his
fiduciary duty in ways other than self-dealing. The court did not find damage from self-dealing. 
LaChance thus could not have prevailed against Kreisner because his claim against Kreisner relied
entirely on LaChance incurring liability because of Kreisner's failure to advise him against self-dealing. The summary judgment and the findings and conclusions do not conflict. We find no
harmful error in the court's rejection of LaChance's theory of Kreisner's liability.

 Nor do we find error in the court's failure to dismiss the complaint as premature. 
The appellants ask us to hold that, because the trial court held that the statute of limitations had
not run on their claim against Kreisner, the trial court erred by not dismissing their complaint as
premature. We note initially that the trial court faced the limitations issue only with regard to
Talmadge's motion; the court did not state on which basis it granted his motion for summary
judgment. Even if, as urged, the court found no limitations violation, we decline to create a
Kafka-esque rule under which courts must dismiss as premature claims filed before the statute runs
but must find that cases filed after the statute runs are barred. (2) Statutes of limitation define the
end of the period during which a party may file a complaint. Tolling of a statute of limitations
merely extends the time during which an injured party may file a claim; it does not itself prohibit
a party from filing a claim during the tolling period. The trial court's implicit holding that the
statute of limitations had not run did not necessarily imply that the appellants' claims against
Kreisner had not accrued. 

 We overrule the point of error and affirm the judgment.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: December 20, 1995

Do Not Publish

1.   The appellants narrowed the scope of their appeal considerably after not getting the
statement of facts into the appellate record. Their brief concedes inability, without the
statement of facts, to show error in the judgment favoring the plaintiffs below, Joseph
Falcone, Virginia F. Falcone, J. Michael Falcone, Christin Charles Falcone, Gwendolyn
J. Falcone, and Greg A. Falcone. The appellants apparently never planned to appeal the
summary judgment favoring Jeffrey Talmadge.
2.   We are not asked and do not opine whether the court could have dismissed the claims
as premature. We consider only whether the court erred by not doing so.


nt for the Falcone trust beneficiaries. 
In its findings of fact and conclusions of law, the court found LaChance negligent in the manner
in which he invested the $200,000. The court concluded that LaChance thereby breached his
fiduciary duty to the beneficiaries. The court, however, concluded that Joe and Virginia Falcone
could not recover because they knew how LaChance was investing their money and because
LaChance breached no duty to them. The court made no finding or conclusion that LaChance
illegally engaged in self-dealing.



ANALYSIS AND CONCLUSION


 The appellants raise a point of error with two general thrusts. They contended that,
because the law and the trust documents prohibit self-dealing, the court should have denied
Kreisner's motion for summary judgment on their complaint against him. They contend that the
court instead should have dismissed their complaint against Kreisner as premature based on the
court's finding (while granting Talmadge's motion for summary judgment) that the statute of
limitations for their claims against Kreisner had not run. We disagree.

 The absence of a finding or conclusion that LaChance was liable for damages to
the Falcones for self-dealing shows that the court did not err reversibly by granting Kreisner's
motion for summary judgment. We can reverse only if the error complained of amounted to such
a denial of rights that the court rendered an improper judgment in the case. Tex. R. App. P.
81(b)(1). The trial court's resolution of the case as a whole relieves us of the need to explore
whether the summary judgment was erroneous. The Falcones alleged that LaChance breached his
fiduciary duty in ways other than self-dealing. The court did not find damage from self-dealing. 
LaChance thus could not have prevailed against Kreisner because his claim against Kreisner relied
entirely on LaChance incurring liability because of Kreisner's failure to advise him against self-dealing. The summary judgment and the findings and conclusions do not conflict. We find no
harmful error in the court's rejection of LaChance's theory of Kreisner's liability.

 Nor do we find error in the court's failure to dismiss the complaint as premature. 
The appellants ask us to hold that, because the trial court held that the statute of limitations had
not run on their claim against Kreisner, the trial court erred by not dismissing their complaint as
premature. We note initially that the trial court faced the limitations issue only with regard to
Talmadge's motion; the court did not state on which basis it granted his motion for summary
judgment. Even if, as urged, the court found no limitations violation, we decline to create a
Kafka-esque rule under which courts must dismiss as premature claims filed before the statute runs
but must find that cases filed after the statute runs are barred. (2) Statutes of limitation define the
end of the period during which a party may file a complaint. Tolling of a statute of limitations
merely extends the time during which an injured party may file a claim; it does not itself prohibit
a party from filing a claim during the tolling period. The trial court's implicit holding that the
statute of limitations had not run did not necessarily imply that the appellants' claims against
Kreisner had not accrued. 

 We overrule the point of error and affirm the judgment.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: December 20, 1995

Do Not Publish

1.   The appell